UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IN RE:                                                                    CHAPTER 13

    Meital Elfassy                                                  Case No.:10-47552- CEC

                              Debtor(s)
----------------------------------------------------------X

## FIRST AMENDED CHAPTER 13 PAYMENT PLAN

   1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of: $ 96,660.00

     $1,331.00 commencing September 9, 2010 through and including August, 2011 for a period of 12 months;
     $1,681.00 commencing September, 2011 through and including August, 2015 for a period of 48 months;  Debtor would be able to afford this increase because her husband would be able to contribute more monies to her payment plan.  By September 2011, debtor husband's business would finish paying for its vehicle and would be able to contribute more to debtor's payment plan.

   2. From the payments so received, the trustee shall make disbursements as follows:
(a)   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

(b)   Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

***ALL POST PETITION PAYMENTS, INCLUDING BUT NOT LIMITED TO, MORTGAGE PAYMENTS, VEHICLE PAYMENTS, REAL ESTATE TAXES and INCOME TAXES, TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR(S).***

     **Central Mortgage Company** (mortgage holder) to be paid pre-petition arrears in the sum of $**77,189.13**   plus NONE % interest over the life of the plan.

     The junior mortgage lien of **Chase** in the sum of **$92,080.00** to be "stripped off" as wholly unsecured pursuant to U.S. Bankruptcy Code Section 1322 (b)(2) and 506.  Same shall be paid pro rata with the remaining unsecured creditors.

     **GMAC** (lien holder) to be paid pre-petition arrears in the sum of **$441.68** plus NONE % interest over the life of the plan;

     **Department of Environmental Protection** (lien holder) to be paid pre-petition arrears in the sum o**f $256.54** plus None % interest over the life of the plan.

    (c)   Subsequent and/ or concurrently with distribution to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows: PRO RATA distribution to all timely filed proofs of claim of not less than five percent (5%).

    3.   All lease agreements are hereby rejected except for the GMAC lease.

    4.   During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 ( c), less than one hundred percent (100%), the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

Title to the debtor(s) property shall revest in the debtor(s) upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming this plan.  Throughout the term of this plan, the debtor(s) will not incur post petition debt over $1,500.00 without written consent of the Chapter 13 trustee or the Court.

/s/  **Meital Elfassy**                                         **/s/ Narissa Joseph**

Meital Elfassy                                                 Narissa A. Joseph
Debtor                                                         Attorney for Debtor

Dated: October 26, 2010